**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **MICHELLE CRUZ,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.:** |
| **V.** | ) | |
| | ) | |
| **ASBURY AUTOMOTIVE GROUP, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **DEFENDANT.** | ) | |

# COMPLAINT

## JURISDICTION

1.     This suit is authorized and instituted under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

2.     This suit is authorized and instituted under 42 U.S.C. § 1981. This is a suit authorized and instituted under "Section 1981."

3.     Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A).  The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## PARTIES

4.      Plaintiff, Michelle Cruz, ("Plaintiff" or "Cruz") is a resident of Forsyth County, Georgia, and performed work for the Defendant in the counties composing the Northern District during the events of this case.  Thus, under 28 U.S.C. § 1391(b), venue for this action lies in the Atlanta Division.

5.      Defendant Asbury Automotive Group ("Defendant") is a company registered and doing business in the State of Georgia and has sufficient minimum contacts with the State of Georgia. It is subject to service of process in Georgia.

6.      Defendant employed at least fifteen (15) people during the current or preceding calendar year.

## FACTS

7.      Cruz incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

8.      Cruz is a woman.

9.      Cruz initially began working for Defendant on or around July 2012 and left the company on good terms in June 2014.

10.      On or about November 1, 2018, Cruz returned to working for Defendant as a Sales Manager.

11.      Defendant also employed Dennis Rose.

12.      Around April 2021, Cruz was seated with Rose as he talked about a woman with large breasts.

13.     Rose also made demeaning comments about a Latina coworker, stating that "She is an illegal."

14.     Rose then looked down at Cruz's chest and asked, "Do you breastfeed?"

15.     The next day, Rose kept invading Cruz's space, leaning over her.

16.     Rose subsequently reached over and pinched the back of Cruz's arm while saying "If only you did your job properly."

17.     The pinch left a bruise.

18.     Rose pinching Cruz was captured on video camera.

19.     On separate occasions, Rose made advances towards a black female co-worker and insinuated she had a "sugar daddy."

20.     Rose also described his skin to Cruz as "that thing that black people have…ashy."

21.     In April 2021, Cruz reported Rose's sexual harassment of her, his racism toward her co-worker, and his racist comment to Regional Finance Director Dave Frasier.

22.     Frasier reported the sexual harassment to Regional VP Paul Wattley.

23.     HR Director Peggy Murray also learned of Rose's sexual harassment of Cruz.

24.     Murray approached Cruz and asked if Cruz would accept an apology from Rose.

25.     Cruz did not want to accept an apology from Rose, as she felt uncomfortable.

26.     In response to Cruz's refusal to accept Rose's apology, Murray replied, "Well thanks Michelle now I have hours of videos to watch," referring to the pinching being captured on video.

27.     Rose was reassigned to another location but continued to involve himself in Cruz's branch's operations.

28.     Cruz's manager was named Shaun (LNU).

29.     Cruz expressed concern that Defendant might retaliate against her for her protected complaints.

30.     When Cruz expressed this concern to Murray and Shaun, Shaun promised her that she would not be retaliated against for reporting the racism and sexual harassment so long as he was at the company.

31.     After Cruz reported discrimination, corporate attempted to terminate Cruz multiple times.

32.     Shaun acted to protect Cruz from termination each time.

33.     In July or August 2021, corporate informed Shaun that he needed to fire someone because of the car shortage and suggested that it be Cruz.

34.    Shaun refused and corporate withdrew its support for their store after his refusal to fire Cruz.

35.    Around March 2022, a close friend of Rose's, Gerald, who frequently curses, had Cruz written-up for using a curse word on conference call.

36.    Shaun added to the March 2022 write-up that he did not hear Cruz curse on the call and disagreed with the write-up.

37.    Shortly after Cruz was reprimanded in writing, Shaun and Murray both left the company.

38.    On or around April 5, 2022, a random check was done on Cruz's driver's license status and revealed, to her surprise, it had been suspended.

39.    The new HR Manager Sumyr Bediako said, "If you can't get this fixed, we are going to suspend you."

40.    Cruz was able to reinstate her license that same day.

41.    Cruz informed Bediako that she was able to reinstate her license.

42.    Bediako became aggravated and hung up the phone.

43.    No part of Cruz's job required her to drive cars for the company.

44.    There are several employees with suspended licenses or records of DUIs who have never been suspended from work, whose job depends on their ability to drive cars, and, in fact, they were always able to continue working and driving for the company even without valid licenses.

45.    On April 6, 2022, the next day after HR tried to suspend Cruz, she was called into a meeting with Todd and Bediako at the end of the workday and was terminated.

46.    Cruz was terminated shortly after Shaun left the company because Shaun was no longer able to protect her against retaliation.

47.    When Cruz was terminated, she complained to Bediako that this was retaliation for reporting discrimination and harassment.

48.    After Cruz's termination, she was replaced by a man.

49.    The employer stated Cruz was terminated because the company did a random audit and found compliance issues and a conflict of interest for cars Cruz bought and processed herself.

50.    This reason is pretext because Cruz had the proper approvals from corporate for the car deals, other sales managers frequently work their own car deals, and the store had recently undergone a corporate audit in February 2022 and there were no issues raised with her deals.

## COUNT I TITLE VII RETALIATION

51.    Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

52.    Plaintiff was qualified for her position and able to perform the essential functions of the job.

53.     On or about April of 2021, Plaintiff engaged in protected activity, when she reported discrimination based on race.

54.     On or about April 6, 2022, Defendant terminated Plaintiff's employment.

55.     But for Plaintiff's protected activity, Defendant would have retained Plaintiff in her position as a Sales Manager.

56.     Defendant violated the Title VII by terminating Plaintiff for engaging in protected activity.

57.     Because of Defendant's violation of the Title VII, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT II 42 U. S. C. § 1981 RETALIATION

58.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

59.     Plaintiff was qualified for her position and able to perform the essential functions of the job.

60.     On or about , Plaintiff engaged in protected activity, when she reported discrimination based on race.

61.     On or about April 6, 2022,  terminated Plaintiff's employment.

62.     Plaintiff's protected activity was a motivating factor in Defendant's decision not to retained Plaintiff in her position as a Sales Manager.

63.     Defendant violated the 42 U. S. C. § 1981 by terminating Plaintiff in whole or in part for engaging in protected activity.

64.     Because of Defendant's violation of the 42 U. S. C. § 1981, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT III TITLE VII - RETALIATION

65.     Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

66.     Plaintiff was qualified for her position and able to perform the essential functions of the job.

67.     On or about April of 2021, Plaintiff engaged in protected activity, when she reported discrimination based on sex.

68.     On or about April of 2022,  terminated Plaintiff's employment.

69.     But for Plaintiff's protected activity, Defendant would have retained Plaintiff in her position as a Sales Manager.

70.     Defendant violated the Title VII by terminating Plaintiff for engaging in protected activity.

71.     Because of Defendant's violation of the Title VII, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT IV 42 U. S. C. § 1981 RETALIATION HOSTILE WORK ENVIRONMENT

1. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

2. Plaintiff was qualified for her position and able to perform the essential functions of the job.

3. On or about April of 2021, Plaintiff engaged in protected activity, when she reported discrimination based on race.

4. Soon after Plaintiff reported discrimination the company began targeting Cruz to be fired.

5. For several months, the company made attempts to terminate Plaintiff's employment, but those efforts were stymied by Plaintiff's direct manager.

6. The company wrote Plaintiff up for cursing, even though other employees freely used profanity and were not disciplined.

7. The company threatened to terminate Cruz because her license was suspended even though her job did not require driving and she cured the problem within one day.

8. Other employees who have not reported harassment were not threatened with termination or suspension even when they had suspended licenses or DUI arrests.

9.     Shortly thereafter, the managers who had been protecting Cruz left the company.

10.     On or about April 6, 2022, just a few weeks after her manager left, the company terminated Cruz's employment.

11.     At the time of the termination the company gave a random audit that revealed "conflicts of interest" as the reason Ms. Cruz was terminated. But for Plaintiff's protected activity, Defendant would have retained Plaintiff in her position as a Sales Manager.

12.     Defendant violated the Title VII by creating a hostile work environment for Plaintiff of continuous threat of termination because she engaged in protected activity.

13.     On or about April 6, 2022, Defendant terminated Plaintiff's employment.

14.     Plaintiff's protected activity was a motivating factor in Defendant's decision not to retained Plaintiff in her position as a Sales Manager.

15.     Defendant violated the 42 U. S. C. § 1981 by terminating Plaintiff in whole or in part for engaging in protected activity.

16.     Because of Defendant's violation of the 42 U. S. C. § 1981, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT V TITLE VII – RETALIATION HOSTILE WORK ENVIRONMENT

17.    Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set out herein.

18.    Plaintiff was qualified for her position and able to perform the essential functions of the job.

19.    On or about April of 2021, Plaintiff engaged in protected activity, when she reported discrimination based on sex.

20.    Soon after Plaintiff reported discrimination the company began targeting Cruz to be fired.

21.    For several months, the company made attempts to terminate Plaintiff's employment, but those efforts were stymied by Plaintiff's direct manager.

22.    The company wrote Plaintiff up for cursing, even though other employees freely used profanity and were not disciplined.

23.    The company threatened to terminate Cruz because her license was suspended even though her job did not require driving and she cured the problem within one day.

24.    Other employees who have not reported harassment were not threatened with termination or suspension even when they had suspended licenses or DUI arrests.

25.     Shortly thereafter, the managers who had been protecting Cruz left the company.

26.     But for Plaintiff's protected activity, Defendant would have retained Plaintiff in her position.

27.     Defendant violated Title VII by creating a hostile work environment for Plaintiff because she engaged in protected activity.

28.     Because of Defendant's violation of the Title VII, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.     Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964;

B.      Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the terms of Section 1981;

C.      Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position she would have had, had she not been terminated;

D.      Award her back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

E.      Attorneys' fees and costs;

F.      Plaintiff requests that the Court award Plaintiff equitable relief as provided by law; and,

G.      Any different or additional relief as determined by the Court to which Plaintiff is entitled.

_____
Kira Fonteneau (FON007)

**OF COUNSEL:**

Barrett & Farahany
PO BOX 530092
Atlanta, GA 30353

**PLEASE SERVE DEFENDANT AS FOLLOWS**

**Asbury Automotive Group, Inc.**

**2905 Premiere Parkway Suite 300**

**Duluth, GA 30097**


**Corporation Service Company Inc.**

**2 Sun Court, Suite 400,**

**Peachtree Corners, GA 30092**

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **MICHELLE CRUZ,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **Case No.:** |
| **V.** | ) | |
| | ) | |
| **ASBURY AUTOMOTIVE GROUP, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **DEFENDA.** | ) | |

**CONFLICT DISCLOSURE STATEMENT**

COMES NOW the Plaintiff, Michelle Cruz, through the undersigned attorney of record, and under the Order of this Court, making the following disclosure about parent companies, subsidiaries, partners, limited liability entity members and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the Northern District of Atlanta Order: **This party is an individual.**

Respectfully submitted on November 18, 2022.

_____
Kira Fonteneau (FON007)

**OF COUNSEL:**

Barrett & Farahany

PO BOX 530092
Atlanta, GA 30353

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**MICHELLE CRUZ,**

     **PLAINTIFF,**

**VS.**                     **CV NO.:**

**ASBURY AUTOMOTIVE GROUP,
INC.,**

     **DEFENDANT.**           **JURY TRIAL DEMANDED**

# EXHIBIT A

EXHIBIT A

Asbury AEEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 410-2022-05636 |

and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Michelle Cruz** US EEOC ATDO RECEIVED MAY 23, 2022 | **(678) 704-5586** | 1985 |

| Street Address | City, State and ZIP Code |
|---|---|
| **1960 Poplar Ridge** | **Cumming, GA 30040** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe
Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Asbury Automotive Group** | **8000+** | **770-418-8200** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2905 Premiere Parkway Suite 300** | **Duluth,  GA 30097** |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | Earliest: April 1, 2021   Latest: April 6, 2022 |
| ☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☒ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.       I began working for the employer on November 1, 2018, as Sales Manager. Around April 2021, I was seated with Dennis Rose, a co-worker, as he talked about a woman with large breasts. He then looked down at my own chest and asked, "Do you breastfeed?" The next day, Rose kept invading my space, leaning over me, and eventually reached over and pinched the back of my arm while saying "If only you did your job properly." The pinch left a bruise. On separate occasions, Rose made advances towards a black female co-worker and insinuated she had a "sugar daddy." Rose also described his skin to me as "that thing that black people have…ashy." In April 2021, I reported Rose's sexual harassment of me, racism toward my co-worker, and his racist comment to HR Manager Peggy Murray. Murray asked if I would accept an apology from Rose, which I refused, and Murray replied, "Well thanks Michelle now I have hours of videos to watch" as the pinching was captured on video camera. Rose was reassigned to another location but continued to involve himself in my branch's operations. When I expressed concern over being retaliated against to Murray and Shaun, my manager, Shaun promised me that I would not be retaliated against for reporting the racism and sexual harassment as long as he was at the company. Since I reported, corporate attempted to terminate me multiple times, but Shaun always protected me from it. In July or August 2021, corporate informed Shaun that he needed to fire someone because of the car shortage and suggested that it be me. Shaun refused and corporate did nothing to support our store after his refusal to fire me. Around March 2022, a close friend of Rose's, Gerald, who frequently curses, had me written-up for using a curse word on conference call. Shaun, added to the write-up that he did not hear me curse on the call and disagreed with the write-up. Shortly after the write-up, Shaun and Murray both left the company. As soon as Shaun and Murray left, the company terminated me. On or around April 5, 2022, a random check was done on my driver's license status and revealed, to my surprise, it had been suspended. The new HR Manager Sumyr Bediako said, "If you can't get this fixed, we are going to suspend you." I was able to reinstate my license that same day and informed Bediako, who became aggravated and hung up the phone. No part of my job required me to drive cars for the company. There are several employees with suspended licenses or records of DUIs who have never been suspended from work, whose job depends on their ability to drive cars, and, in fact, they were always able to continue working and driving for the company even without valid licenses. On April 6, 2022, the next day after HR tried to suspend me, I was called into a meeting with Todd and Bediako at the end of the workday and was terminated. When I was terminated, I complained to Bediako that this was retaliation for reporting discrimination and harassment. After my termination, I was replaced by a man, and my husband, who works at another dealership, is being subjected to retaliation now.

II.      The employer stated I was terminated, because the company did a random audit and found compliance

issues and a conflict of interest for cars I bought and processed myself. This reason is pretext because I had the proper approvals from corporate for the car deals, other sales managers frequently work their own car deals, and the store had recently undergone a corporate audit in February 2022 and there were no issues raised with my deals.

III.    I believe I was harassed and retaliated against in violation of Title VII of the Civil Rights Act of 1964.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 05/23/2022      *Electronically Signed*    2022-05-23 15:58:13 UTC - 70.240.235.57 <br> Ninitex AssureSign®    e7f0e17f-5060-429a-aab3-ae9e010626f0 <br> ─────────────       ───────────────── <br> Date               *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> (*month, day, year*) |

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**MICHELLE CRUZ,**

**PLAINTIFF,**

**VS.**                                            **CV NO.:**

**ASBURY AUTOMOTIVE GROUP,
INC.,**

**DEFENDANT.**                          **JURY TRIAL DEMANDED**

# EXHIBIT B

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Atlanta District Office**
100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
1-800-669-4000
Website:  www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/22/2022

**To:**  Michelle Cruz
1960 Poplar Ridge
Cumming, GA 30040
Charge No: 410-2022-05636

EEOC Representative and email:   Regina Brown
Federal ISA
Regina.Brown@eeoc.gov

___

### DISMISSAL OF CHARGE

The EEOC has granted your request that the agency issue a Notice of Right to Sue, where it is unlikely that EEOC will be able to complete its investigation within 180 days from the date the charge was filed.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 410-2022-05636.

On behalf of the Commission,

Digitally Signed By:Darrell Graham
08/22/2022
___
Darrell Graham
District Director